Number 20-2257, Nature Simulation Systems, Inc. v. Autodesk, Inc. Mr. Warson. Good morning, Your Honors. Matt Warson for Appellant. May it please the Court. The District Court here construed various claim terms and found two of the terms that appear in the independent claims of the two patents in suit. Found them to be indefinite, and as a result, invalidated both patents. On appeal, Appellant is requesting a reversal of that claim construction order, arguing that the intrinsic record supports an ordinary meaning of both of these claim terms. An ordinary meaning of modified Watson method? How can there be an ordinary meaning to that? Your Honor, because the claim language itself teaches exactly how the Watson method, which is cited in the specification as a 1981 paper from Watson, the claim language teaches how the Watson method is modified. And the way the claim modifies the Watson method is principally through adding a condition to when to split the triangles. The claim says that the modified Watson method includes three things, but it doesn't say what else may be in the modified Watson method, right? Not right, Your Honor. The claim language itself, and so Representative Claim 1 of the 961 patent, includes the splitting triangle step at line 34. Splitting each triangle through which an intersection line passes using modified Watson method. The principal condition that's added to modify the Watson method is splitting the triangle if the intersection line passes. And that can be found in the preferred embodiment. There's an algorithm in the specification which lists one way to do the modified Watson method. And at step 5 of that algorithm, column 7, I'm in appendix 31, column 7, line 20, you split the triangle and you check whether its circumcircle contains the point, that's Watson method, or the last segment passes through the triangle. Where does the specification say that that's what constitutes the modified Watson method? The specification teaches that in column 6, appendix 30, it teaches that it's going to modify the Watson method. At line 64, the specification cites the Watson paper, the 1981 paper. The specification then lists a seven step algorithm. But Your Honor, I have a question. Where does the specification tell us what the modified Watson method is? Your Honor, what I just referred to, line 20 of column 7, adds the condition. And that condition would be the line passing through, the intersection line passing through the triangle. That is an additional condition. And all of the evidence supports this, including defendant's expert testifies that the Watson method, as taught in that 1981 paper, did not split triangles based on that added condition, that modification of the Watson method. The additional conditions that were added to the claim language came from an examiner's amendment to put this claim in a condition for allowance. And so that, the where in clause that Judge Dyke referred to, listing other illustrative conditions that one may find in the modified Watson method, that's picking up at line 35 of column 9, wherein the modified Watson method includes removing duplicate intersection points, identifying positions of intersection points, and splitting portion of each triangle into an upper, a lower, and a middle portion. That language was added by the patent examiner to put the claim in a condition for allowance, specifically to overcome an indefiniteness rejection. That examiner's amendment deserves weight, especially in this circumstance, and that added language does find support in the seven-step algorithm, which I was referring to earlier in column 7, as well as column 6 teaches that duplicate intersection points are removed. That aspect of the invention, if we could step back in what is trying to be accomplished here. So where does the specification tell us what the modified Watson method is? Your Honor- On column 7, line 3 that you referred to, it talks about the modified Delaney method. It doesn't talk about the modified Watson method. The Watson paper teaches the Delaney 2D mesh method, and so the Watson paper was cited, and the modified Watson method is this modification of the Delaney 2D mesh method, which is taught in the 1981 Watson paper. Now, I would just repeat for the Court, and to answer your question precisely, where is the modified Watson method taught in the specification, starting at line 54 of column 6 and culminating column 7 of line 32? That is where the teaching of the modified Watson method is taught. It's also supported, and the specification refers to this, and I quote, Figures 12A through 12H show a Delaney 2D mesh sequence, and at Appendix 25, the Court will find the figures 12A through 12H, and figures G and H of figure 12 show this additional condition of the modified Watson method, splitting triangles when an intersection line passes through. Again, defendant's expert is on board with this, and he testifies that you won't find that condition for splitting in the 1981 Watson paper, and those admissions are paragraph 18 of the Aliaga Declaration, page 56 of the Joint Appendix. I would just add that the modified Watson method is also taught in Figure 13 through a flowchart, which reflects the various steps and which is consistent with the seven-step algorithm, which I was referring to earlier. Also, following up on what Judge Dykes said, shouldn't a term such as this appear somewhere in the written description, particularly when the Delaney method is expressly disclosed? You point out that the modified Watson method, that phrase was added by the examiner, and I guess that supports your view that it was not indefinite, but it doesn't appear anywhere in the patent, in the specification, in the written description. Well, Judge Lurie, if we could, why don't we return to the specification language, column six, and I'm picking up at line 62. Given a set of points on a plane that represents a partition of a triangle to decompose the plane into a group of triangles, this invention modified Delaney 2D mesh Watson method, which was published in 1981. This is to the point which I stated earlier, which is that the Watson paper itself, the Watson method, is a reflection of Delaney. You can also see that in column nine, right before the claim language. But your problem is that the specification doesn't tell us what the modified Watson method is. You're standing up there. You're testifying, which you can't do, and trying to tell us what it means, but we're stuck with looking at the specification to figure out what it means, plus perhaps expert testimony. You don't have any expert testimony. Where does the spec answer the question of what the modified Watson method is? Judge Dyke, I can only repeat what I've already argued, and it's the specification clearly teaches the modification. We have an additional source of comfort that the patent examiner amended this claim language to address this specific concern. The original language that was amended had splitting each triangle through which an intersection line passes using modified Watson method, dot, dot, dot. The where in clause was added by the examiner, accepted by the patentee, to further define precisely what this modified Watson method is. Adding to that, and I'm being a bit repetitive here, but columns six and seven precisely teach what that modification is, and principally, it's adding this condition on when to split the triangles. Now, all of that is also reflected in the specification. Phillips teaches us that in the hierarchy, claim language comes first, and it clearly teaches what the modification is in the original language, splitting each triangle through which an intersection line passes. It is taught how are we modifying Watson method. Watson method doesn't split on that condition of the intersection line. The extrinsic evidence supports that. But even on top of that, we have the examiner's amendment, which adds to that teaching and further defines what the modified Watson method is. I think I've run over my time. I'd like to reserve some for rebuttal. Anything else for Mr. Morrison at the moment? No. No. Okay, we'll save the rebuttal. Okay, Mr. Matsui. Thank you, Your Honor. May it please the Court, Brian Matsui on behalf of Autodesk. The district court correctly recognized that the asserted claims are indefinite for three independent reasons. First, all the claims use a made-up phrase, modified Watson method, without coherently identifying what or how the known Watson method must be changed with any reasonable certainty. Second, the three steps claim one says must be included in the modified Watson method are themselves impossible to decipher and provide no clear notice, both on their own and how they might change the well-known Watson method. And third, even setting aside the modified Watson method term, the claims provide no reasonable certainty because they require searching neighboring triangles of the last triangle pair. But nothing in the patent identifies what are the neighboring triangles of a triangle pair or what triangle pair might be the last triangle pair or what it would mean to build an intersection line based on that searching. Now, Mr. Matsui, obviously the examiner had a different view when the examiner suggested or requested the information be added to the claim. And so now we as judges may not be experts in Boolean mathematics. How are we to second-guess what the examiner plainly thought was suitable to complete the description and make the claims allowable? Your Honor, I think there's a couple problems with that. The first is that we don't have here, we just have a snippet of the prosecution history that NSS sort of introduced at the 11th hour before the district court. And those few pages of prosecution history don't tell the same story that NSS is saying. In Appendix 71, it shows that there was a rejection to Claim 6 for indefiniteness, not a rejection for Claim 1, which has the wherein the modified Watson method includes. And then it's later, you can see the next page, Appendix 71, there's this added language of the wherein the modified Watson method includes, but there's no explanation there as to why that language was added to Claim 1 when there was an indefiniteness rejection pending for Claim 6. But even setting that aside where we're going to look at the fact that the examiner added this language and say perhaps the examiner would not intentionally add language that makes claims more indefinite, well, that's just part and parcel of the ordinary presumption of validity that the patent is accorded once it gets allowed. And that's something that we are allowed to overcome, and we overcame here greatly when you have a term like modified Watson method itself, which itself is a made-up word that provides no reasonable certainty and isn't all these certain claims. Because a person of ordinary skill in the art would know what the Watson method is, but they wouldn't know what the modified Watson method means. That's what Dr. Aliaga explained, that the modified Watson method has no customary meaning, no ordinary meaning to persons of ordinary skill in the art. And so one would have to look at the intrinsic record, and when you look at the intrinsic record, it provides no guidance because the claims say one thing. No, you look at what the examiner added to the claim. Yes, so we would look at the language the examiner added to the claim wherein the modified Watson method includes these three steps. And those three steps, I would just have to point out, Judge Newman, are not the language that NSS is pointing to right now as sort of the key distinction which defines the modified Watson method. NSS's point is something that's found in Dependent Claim 6 and in Column 7 of the specification saying that's what makes the modified Watson method. But even if we look at the language the examiner included, that language as a definition would still have to provide reasonable certainty to one of skill in the art. And when you look at this language from the specification itself, a person of ordinary skill in the art would not have any idea what these terms mean or how they modify the Watson method. For example, if we look at the phrase splitting portion of each triangle, including an upper portion, a lower portion, and a middle portion, there are several problems with that language. The first is that it's susceptible itself to a lot of different meanings, each of which is going to affect the scope of the claims because it's going to affect the scope of the modified Watson method. And so does splitting each of those three portions of every – does that mean splitting each of those three portions of every triangle? Does it mean splitting one of those portions of a triangle? Does it mean splitting a triangle into three portions? Or is it something else? Then you look at the specification. I'm sorry, Your Honor. Well, just thinking, you don't reproduce the specification in the claims. It's supposed to be a signal, a terse statement. But we all know that you look at the specification to understand the claim. Of course. And that's the problem here is that you have this claim language that's susceptible to several different meanings. And you could look at the specification, and you're not going to see any indication as to which of those meanings actually are the ones that's claimed. That makes this case like Dow Chemical where the court said that where a patent discloses multiple known approaches, a person of ordinary skill in the art would have to know which approach to select. And when you look at the specification here, there's nothing to indicate which of these approaches you would select, whether or not you're splitting each portion of those three portions of every triangle or splitting one triangle into three portions. Now, NSS's explanation to that is to say, well, this is just a question of infringement, that basically claims scope and infringement just go hand in hand. But that's precisely what the definiteness requirement is trying to avoid. We should not have to find out whether or not we infringe or not to know what the scope of the claim is. We're supposed to know that in advance so we know with reasonable certainty what is left open to us and what isn't foreclosed to us. And there's other claim terms in this wherein a step that the examiner adds that also just have no reasonable certainty, like removing duplicate intersection points. Nothing in the patent explains what duplicate intersection points mean, let alone how duplicate intersection points modify the Watson method. And in part that's because the Watson method just has nothing to do with removing intersection points and certainly not duplicate ones. So a person of ordinary skill in the art would be left to guess what this term means. Is this point supposedly on a line or is it in a triangle? And then when you look at Figure 12, you're just left scratching your head even more in the patent because that talks about inserting intersection points, not removing them. So a person of ordinary skill in the art is just not going to have any idea what the scope of the claims are when they look at these phrases that are added by the examiner. And that's in part why I think NSS points now to the specification and that key language they say exists on Column 7. Even assuming that that language in Column 7 is the modified Watson method, there's nothing that would sort of direct a person of ordinary skill in the art to that last segment phrase, that that's the key distinction that makes the modified Watson method different from the Watson method. And if you look just to respond to NSS's argument that the modified Watson method is everything from the splitting triangle heading at Column 6 downward, there's nothing at all that would indicate that that is the whole modified Watson method. If anything, the steps that are listed under splitting a triangle, 1, 2, and 3, appear to be steps that occur before you actually do the Delaunay 2D mesh, which makes sense because the Watson method is meant to take a plane and to place dots on it and then to triangulate that plane. It's not meant to do anything like splitting triangles. And just to respond to NSS's point that our expert basically conceded that he would know what the modified Watson method is because the Watson method does not split triangles. That's a misreading of what our expert said. Our expert said that a person of ordinary skill in the art wouldn't understand how splitting triangles would even apply to the Watson method, given the fact that the Watson method does something entirely different. And that's precisely why it was important when you have this made-up phrase, like the modified Watson method, for the patentee to actually explain with reasonable certainty what the scope of the claim is, what the modified Watson method requires. And that's precisely what the NSS's patent does not do here. Because if a person of ordinary skill in the art was to look at this patent, they would basically be lost. They would see the claims pointing one way, the specification pointing another way, and they would look at the figures, such as figure 12, and they wouldn't understand how that differs from the Watson method. For example, if you look at figure 12G and H, those are supposed to be the byproduct of the modified Watson method, but they don't show splitting triangles. As our expert showed, that's splitting polygons or placing points and then erasing triangles and then splitting the remaining polygon. So there's nothing here that would provide the guidance that's necessary for a person of ordinary skill in the art. If there are no further questions, we would ask the court to affirm the judgment. Any more questions for Mr. Mitsui? No. All right. Thank you. You have your rebuttal time, Mr. Morrison. Thank you, Your Honors. First of all, figure 10B discloses an upper portion, middle portion, and lower portion, which would support the language in claim one amended by the examiner as part of the modified Watson method. Counsel for defendant. Did the examiner ever explain what he understood modified Watson method to mean? Yes, Your Honor. With the examiner's amendment and adding the where-in clause, I think he answered that question by adding the language as it appears in the asserted claims. Just the where-in clause is his only explanation, but that says includes. It doesn't say that's what it is. Well, it's defining the modified Watson method, Your Honor. Well, that's not what you were saying earlier. You were saying that the modified Watson method is somehow defined in parts of the specification. Correct. Well, those things are not exclusive of one another. They go hand in hand. The support for the examiner's amendment would be found in the specification, and I think it is the examiner's understanding of how to claim the modified Watson method in a definite manner. To the removal of duplicate points, counsel argued that there's no teaching of where do these duplicate points come from, but in fact the step of building intersection lines starting with and ending with searching for, you search for an individual intersection point and, quote, searching neighboring triangles of the last triangle pair that holds the last intersection point that's in the singular. We're talking about one intersection point, then continuing to extend the intersection line until the first intersection point is identical to the last intersection point of the intersection line. That's your duplicate point. You have data that represents the same point in this 3D geometrical object, and that data is not represented twice, but in fact, according to this method, is removed. I see my time is up. Without questions, Your Honors, I'll rest. Any more questions, Mr. Watson? No. No. All right. Thank you. Well, then, thanks to both counsel, and the case is taken under submission. Thank you.